[Cite as *State v. Jeremy*, 2022-Ohio-1621.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-21-1085

    Appellee                                Trial Court No.  CR0201701892

v.

Jessica Jeremy                              **DECISION AND JUDGMENT**

    Appellant                               Decided:  May 13, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an April 29, 2021 judgment of the Lucas County

Court of Common Pleas, sentencing appellant to two, four-year terms of incarceration,

ordered to be served consecutively, arising from appellant's January 23, 2018 conviction

on two counts of aggravated robbery, in violation of R.C. 2911.01, felonies of the first degree. The sentence was imposed following appellant's community control revocation and unsuccessful termination from the Lucas County Drug Court ("drug court").

{¶ 2} For the reasons set forth more fully below, this court remands the case to the trial court for issuance of a nunc pro tunc sentencing entry, reflecting R.C. 2929.14(C)(4)(b) findings in support of the consecutive sentences.

{¶ 3} The record reflects the necessity of a nunc pro tunc in this case as the trial court's September 24, 2021 written sentencing entry cites R.C. 2929.14(C)(4)(a) findings in support of the consecutive sentences, in contrast to the R.C. 2929.14(C)(4)(b) oral findings made at the sentencing hearing and contained in the transcript of the sentencing hearing.

{¶ 4} Appellant, Jessica Jeremy, sets forth the sole assignment of error:

"The trial court did not properly impose appellant's consecutive sentence pursuant to R.C. 2929.14(C)."

{¶ 5} The following undisputed facts are relevant to this appeal. On May 7, 2017, appellant communicated via social media with several people in the Toledo area, ostensibly for purposes of acquiring a used smart phone from them.

{¶ 6} However, appellant's representations were a ruse. Upon arriving at the designated times and locations, the victims were ambushed and robbed of their smart phones, cash, and jewelry.

2.

{¶ 7} On May 25, 2017, appellant was indicted on two counts of aggravated robbery, along with accompanying firearm specifications, in violation of R.C. 2911.01, both counts being felonies of the first degree.

{¶ 8} On January 23, 2018, appellant entered negotiated pleas to the offenses and a presentence investigation was ordered. On February 13, 2018, appellant was sentenced to a three-year term of community control. The trial court reserved an 11-year term of incarceration on each of the two convictions.

{¶ 9} On December 20, 2019, following community control violations, appellant's case was referred to the drug court. On August 6, 2020, an opening became available and appellant's case was admitted to the drug court. On February 8, 2021, appellant was found to be in breach of the drug court's terms and conditions.

{¶ 10} On April 29, 2021, appellant's community control was revoked and she was sentenced to serve two, four-year terms of incarceration, ordered to be served consecutively. Timely notice of appeal was filed.

{¶ 11} In the sole assignment of error, appellant maintains that the trial court's consecutive sentencing was not properly imposed pursuant to R.C. 2929.14(C).

{¶ 12} In support, while appellant acknowledges that the trial court properly made R.C. 2929.14(C)(4)(b) findings at the April 29, 2021 sentencing hearing, in support of the consecutive sentences, appellant submits that the trial court incongruously alternated to

3.

an R.C. 2929.19(C)(4)(a) sentencing finding, in support of the consecutive sentences, in the corresponding written September 24, 2021 sentencing entry.

{¶ 13} Appellant argues that the consecutive sentence findings of the written sentencing entry not aligning with the findings made at the underlying sentencing hearing is not proper. We concur.

{¶ 14} R.C. 2929.14(C)(4)(a)-(c) governs the consecutive sentences imposed in this case. It establishes that a trial court may impose consecutive prison terms for convictions of multiple offenses if:

> [T]he court finds that the consecutive sentences are necessary to protect the public from future crimes or to punish the offender and the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing [], or was under post-release control.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

4.

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 15} As specifically relevant to this appeal, the transcript of the April 29, 2021, sentencing hearing reflects that the trial court determined at sentencing, in support of the imposition of consecutive sentences, "Those sentences are ordered to be served consecutive to one another * * * given the nature of these offenses, *no one prison term is sufficient* to mete out justice required in this case."  (Emphasis added).

{¶ 16} Accordingly, at the sentencing hearing, the trial court imposed the consecutive sentences on the basis of R.C. 2929.14(C)(4)(b).

{¶ 17} By contrast, the subsequent September 24, 2021, written sentencing entry stated, "The court further finds that *the defendant was on community control*, * * * therefore[,] the sentences are ordered to be served consecutively," in support of the imposition of consecutive sentences.  (Emphasis added).

{¶ 18} As such, the corresponding written sentencing entry imposed the consecutive sentences on the basis of R.C. 2929.14(C)(4)(a), rather than the R.C. 2929.14(C)(4)(b) basis announced at the sentencing hearing.

{¶ 19} In conjunction, the trial court must make the requisite findings both at the sentencing hearing and in the sentencing entry. *State v. Whitman*, 6th Dist. Sandusky No. S-21-003, 2021-Ohio-4510, 182 N.E.3d 506, ¶ 42-43, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 20} Given these facts and circumstances, we find that this case must be remanded to the trial court for purposes of the issuance of a nunc pro tunc sentencing entry reflecting that consecutive sentences were imposed by the trial court based upon an R.C. 2929.14(C)(4)(b) determination at the sentencing hearing that one prison term was not sufficient in this case.

{¶ 21} On consideration whereof, we find appellant's assignment of error well-taken. The judgment of the Lucas County Court of Common Pleas is hereby reversed and the case is remanded to the trial court. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                            _____
                                                                       JUDGE

Thomas J. Osowik, J.

                                                       _____

Gene A. Zmuda, J.                               JUDGE
CONCUR.

                                                         _____
                                                                       JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.